| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in compliance with D.N.J. LBR 9004-1(b)**<br><br>**HILL WALLACK LLP**<br>Mark A. Roney, Esq.<br>21 Roszel Road<br>P.O. Box 5226<br>Princeton, NJ 08543<br>Phone: 609-924-0808<br>Email: mroney@hillwallack.com<br>*Attorneys for U.S. Asset Funding, LP* | |
| In Re:<br><br>Karine G. Peterside aka Karine Peterside,<br><br>                    Debtor. | Case No.: 23-13870 (CMG)<br><br>Chapter: 13<br><br>Judge: Christine M. Gravelle, U.S.B.J.<br><br>Proposed Hearing Date:<br><br>      May 17, 2023 at 9:00 a.m. |

## CERTIFICATION OF COUNSEL IN OPPOSITION TO DEBTOR'S MOTION TO CONTINUE THE AUTOMATIC STAY AND IN SUPPORT OF CREDITOR'S CROSS-MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY

I, **Mark A. Roney**, being of full age, hereby certify as follows:

1. I am an attorney-at-law of the State of New Jersey and Counsel to the law firm of Hill Wallack LLP, attorneys for secured-creditor, US Asset Funding, LP (the "USAF"). As such, I am personally familiar with the facts set forth herein and am authorized to make this Certification on behalf of USAF.

2. This Certification is submitted in support of USAF's opposition to the Motion for Continuation of the Automatic Stay (the "Motion") filed by Debtor, Karine G. Peterside aka Karine Peterside ("Debtor") and in support of USAF's Cross-Motion for an Order Granting Relief from

the Automatic Stay and Co-Debtor Stay with respect to real property located at 14 Mountainview Court, Millstone, NJ 08510 (the "Property") (the "Cross-Motion").

3. The Motion should be denied because the Debtor cannot rebut the presumption that this case was filed in good faith through clear and convincing evidence pursuant to 11 U.S.C. 362(c)(3)(C)(ii) and or 11 U.S.C. 362(c)(3)(i)(III)(bb). Further, because there is no equity in the Property and, alternatively, the Debtor cannot propose a feasible plan of reorganization, the Cross-Motion should be granted in full.

### A. Debtor's Defaults Under the Loan From USAF

4. As set forth in more detail in the Certification of Irene Belot-Pave dated February 21, 2023 (the "Belot-Pave Cert.") filed in support of the Prior MFSR (as defined below), on April 25, 2018, USAF agreed to provide a commercial loan to Debtor and co-debtor, Chamberlain Peterside (the "Co-Debtor", collectively referred to as the "Borrowers"), in the original principal amount of Two Hundred Fifty Thousand and 00/100 Dollars ($250,000.00), plus interest (the "Loan"). See the Belot-Pave Cert. at ¶4, a true copy of which is attached as **Exhibit A**.

5. In connection with the Loan, the Borrowers executed and delivered to USAF a promissory note, with a maturity date of April 24, 2020, and a Mortgage and Security Agreement to USAF for the Property, which Mortgage and Security Agreement was recorded on June 5, 2018 in the Office of the Monmouth County Clerk in Book OR-9290, page 7376&c (the "Mortgage"). Id. at ¶¶6-8.

6. USAF and Borrowers thereafter agreed to extend the maturity date to November 11, 2020 (the "Extended Maturity Date") as memorialized in an Amended Promissory Note dated May 1, 2020 executed by the Borrowers and delivered to USAF. Id. at ¶¶11-12.

7. Immediately thereafter, beginning June 1, 2020, the Borrowers defaulted on their payment obligations to USAF, which default continued through the Extended Maturity date when they failed to pay the Loan in full. See the Belot-Pave Cert. at ¶13.

8. As a result of the defaults and the failure to pay at maturity, on September 13, 2021, USAF initiated a mortgage foreclosure action entitled U.S. Asset Funding, LP v. Chamberlain S. Peterside a/k/a Chamberlain Peterside, *et al*, in the Superior Court of New Jersey, Monmouth County, Chancery Division, Docket No. F-004664-21 (the "Foreclosure Action"). Id. at ¶14.

9. On September 19, 2022, a Final Judgment of foreclosure was entered in USAF'S favor against the defendants in the Foreclosure Action in the amount of $409,168.40 as of August 17, 2022, plus default interest on the principal amount of $250,000.00 from August 17, 2022 to the date of Final Judgment, plus legal interest thereafter. An award of $4,241.68 in counsel fees were included and taxed costs of $226.68 were also entered by the Court. Id. at ¶15 and Exhibit F thereto.

**B. The Debtor's Prior Chapter 13 Case and Proposed Plan**

10. On January 16, 2023, Debtor filed her first petition under Chapter 13 of the Bankruptcy Code initiating Bankruptcy Case No. 13-10374 (CMG) (the "Prior Case") after having used both her statutory adjournments of the sheriff's sale of the Property.

11. Within the Prior Case, Debtor filed a proposed plan of reorganization that sought to make payment in full of the secured claim of USAF over sixty (60) months, with adequate assurance payments of $5,000.00 outside of the proposed plan. A true copy of Debtor's proposed plan in the Prior Case is attached as **Exhibit B**.

12. USAF objected to the proposed plan in the prior case based upon: (a) her failure to make plan payments to the Standing Chapter 13 Trustee; (b) a failure to make the adequate assurance payments outside of the proposed plan; (c) the failure to properly disclosure Debtor's income and expenses; (c) the failure to disclose Co-Debtor as a co-obligor on the secured debt owed to USAF; (d) the proposed plan was not feasible, the Debtor's schedules listed substantial net income that failed to explain her inability to pay the debt at issue and real property taxes for years; and, (e) the lack of equity in the Property. A true copy of USAF's objection to the proposed plan in the Prior Case is attached as **Exhibit C**.

13. Debtor did not respond to USAF's objections to the proposed plan in the prior case or, to USAF's understanding, the Standing Chapter 13 Trustee's objections to the proposed plan in the Prior Case.

14. USAF also filed a motion for relief from the automatic stay on February 21, 2023. See Docket No. 14 in the Prior Case (the "Prior MFSR").

15. Debtor did not file opposition to the Prior MFSR and it was granted on March 15, 2023. A true copy of the Order granting the Prior MFSR is attached as **Exhibit D**.

16. The Prior Case was dismissed on March 15, 2023. A true copy of the Order of Dismissal for the Prior Case is attached as **Exhibit E**.

C. **The Present Bankruptcy and Debtor's Motion**

17. Debtor has now filed the present case, and the Motion, based upon the unsupported argument that she has resolved her "substantial" debt to the Internal Revenue Service "pursuant to the innocent spouse provision of the IRC." See Debtor's Certification filed in support of the Motion at 3.

18. In the Prior Case, the IRS filed a proof claim in the amount of $1,358,173.43, of which $109,522.10 was secured against the Property. A true copy of the IRS claim filed in the Prior Case is attached as **Exhibit F**.

19. The Debtor has listed her obligation to the IRS as "unknown" indicating that there is likely a claim amount that is greater than $0.00, as the Debtor undoubtedly would not have included the IRS as a creditor if she did not owe the IRS money. A copy of Debtor's Schedule E/F is attached as **Exhibit G**.

20. The unspecified "resolution" of the IRS claim is an insufficient basis to continue the automatic stay in this case and fails to meet Debtor's burden to provide clear and convincing evidence that the present case was filed with the necessary good faith to extend the automatic stay.

### D. Debtor is Not Entitled to a Continuation of the Stay and USAF Should be Granted Relief from the Automatic Stay

21. Even if there is a "substantial" reduction of the IRS debt as asserted by the Debtor, she still cannot establish by clear and convincing evidence why the stay should be extended and she cannot present evidence as to why USAF should not be granted stay relief to proceed with a sheriff's sale of the Property.

22. As was the situation in the Prior Case, the Debtor has no equity in the Property and she has failed to present sufficient evidence that she has the financial wherewithal to make the proposed payments to USAF and her other creditors with respect the Property.

23. Initially, regardless of the amount that may be due and owing to the IRS the Debtor has no equity in the Property.

24. As of the January 16, 2023 petition date in the Prior Case, USAF'S claim in the matter equaled $430,871.38. See Exhibit G to the Belot-Pave Cert. and Claim No. 2 filed in the Prior Case. Additional post judgment interest at the legal rate has accrued on the Final Judgment through to the petition date in this case of May 5, 2023.

25. Additionally, as indicated in the Prior MFSR, in addition to USAF's mortgage lien against the Property, there are outstanding real property taxes and charges due and owing as of the petition date of the Prior Case in the amount of at least $113,371.05 and a junior lien evidencing a loan amount of $1,950,000.00 to Xcellon Capital Advisors ("Xcellon"). See Exhibit H to Belot-Pave Cert.

26. The Debtor lists the value of her interest in the Property at $473,755.00 in her Schedule A/B. A copy of the first page of Debtor's Schedule A/B is attached as **Exhibit H**.

27. In the Motion, Debtor makes no mention of having paid any of the real property taxes and charges due and owing against the Property, which means that even if the IRS debt and the Xcellon debt are excluded from consideration, the secured claims against the Property as of the petition date owed to USAF and the municipality equal no less than $544,242.43 ($430,871.38 + $113,371.05) – evidencing a lack of equity in the Property.

28. Since the amount of the presently undisputed liens against the Property exceeds the Debtor's interest therein, there is no basis for the automatic stay to be extended and relief should be granted as requested by USAF.

29. Another reason to deny the Motion and grant the Cross-Motion is that the Debtor has not presented a feasible plan of confirmation. The current proposed plan of reorganization is deficient as it proposes to pay all of Debtor's disposable net monthly income ($8,920.00) into the plan for sixty (60) months for a total payment amount of $535,200.00 ($8,920.00 x 60). This

proposed amount is insufficient to repay the current, undisputed secured claims against the Property, plus the associated trustee's fees which would have to be paid in connection with the proposed plan. Again, this calculation does not account for any amounts which may be due to the IRS on a secured claim, which claim would further reflect Debtor's inability to present a financially feasible plan.

30. Additionally, the asserted net disposable income amount of $8,920.00 relies upon the aggregate monthly contributions of $3,550.00 from Debtor's two (2) adult children (almost 40% of the proposed monthly plan payment amount). <u>See</u> Debtor's Schedule of I attached as **Exhibit I**. Debtor fails to provide any documentary support evidencing a binding agreement with her children for them to pay the $3,550.00 throughout the proposed plan even if the amount were sufficient to repay the secured debt in full through the plan, which it is not.

31. Since there has been no "substantial" change in the financial affairs of the Debtor and she cannot establish by clear and convincing evidence that the proposed plan will be confirmed and fully performed as to 11 U.S.C. 362(c)(3)(i)(III)(bb), this is a separate and independent basis for denying the Motion.

32. Accordingly, for these reasons the Motion should be denied in full and the Cross-Motion granted in full.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                                                                      */s/ Mark A. Roney*
                                                                                        Mark A. Roney

Dated: May 10, 2023