# EXHIBIT A

**MCDONNELL CROWLEY, LLC**
115 Maple Avenue
Red Bank, New Jersey 07701
Telephone Number (732) 383-7233
Facsimile Number (732) 383-7531

Karine Peterside
14 Mountainview Court
Millstone, NJ 08510

September 13, 2024

Re: Karine Peterside
Chapter 13 Bankruptcy
$475 hourly rate
Bankr. Case No. 23-13870-CMG

| Date | Attorney | Description | Hours | Amount |
|---|---|---|---|---|
| 1/5/2024 | JMM | Draft Application for Compensation | 1.1 | $ 522.50 |
| 1/6/2024 | JMM | File and Serve Application for Compensation | 0.2 | $ 95.00 |
| 1/17/2024 | JMM | Review Order Granting Relief from Stay re: State Court Matrimonial Matter. | 0.1 | $ 47.50 |
| 2/1/2024 | JMM | Review Trustee's Annual Report | 0.3 | $ 142.50 |
| 2/7/2024 | JMM | Review Order granting Application for Compensation. | 0.1 | $ 47.50 |
| 3/7/2024 | JMM | Review and Analyze Motion for Relief filed by ATCF II New Jersey LLC | 1.3 | $ 617.50 |
| 3/7/2024 | JMM | Phone call to client to discuss MFR. | 0.3 | $ 142.50 |
| 3/25/2024 | JMM | Review and Analyze Motion for Relief filed by US Asset Funding LP | 1.4 | $ 665.00 |
| 3/25/2024 | JMM | Phone call to client to discuss most recent MFR | 0.3 | $ 142.50 |
| 4/3/2024 | JMM | Attend hearing on MFR filed by ATCF | 3.1 | $ 1,472.50 |
| 4/3/2024 |  | Court Solutions Fee | 0 | $ 50.00 |
| 4/3/2024 | JMM | Review Order granting stay relief | 0.1 | $ 47.50 |

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 4/17/2024 | JMM | Attend hearing on MFR filed by US Asset | 4 | $ 1,900.00 |
| 4/17/2924 | | Court Solutions Fee | 0 | $ 50.00 |
| 4/17/2024 | JMM | Review Order granting stay relief | 0.1 | $ 47.50 |
| 5/15/2024 | JMM | Review and Analyze Motion for Relief filed by JP Morgan Chase. | 1 | $ 475.00 |
| 5/15/2024 | JMM | Phone call to client to discuss MFR | 0.2 | $ 95.00 |
| 5/17/2024 | JMM | Review and analyze Trustee's Motion to Dismiss. | 0.3 | $ 142.50 |
| 5/18/2024 | JMM | Phone call to client to discuss MTD | 0.2 | $ 95.00 |
| 6/3/2024 | JMM | Phone call with client to discuss stay of sheriff sale. | 0.4 | $ 190.00 |
| 6/3/2024 | JMM | Receive email from client with Order staying Sheriff Sale. | 0.1 | $ 47.50 |
| 6/4/2024 | JMM | Receive email from client regarding trustee payments. | 0.1 | $ 47.50 |
| 6/4/2024 | JMM | Phone call with client to discuss case strategy. | 0.3 | $ 142.50 |
| 6/5/2024 | JMM | Review Order granting stay relief - JP Morgan Chase | 0.1 | $ 47.50 |
| 6/7/2024 | JMM | Receive email from client with proof of Trustee payment and respond. | 0.1 | $ 47.50 |
| 6/27/2024 | JMM | Phone call with client to discuss MTD. | 0.3 | $ 142.50 |
| 6/27/2024 | JMM | Draft Objection to Trustee's Motion to Dismiss. | 1.1 | $ 522.50 |
| 6/28/2024 | JMM | File and Serve Objection to MTD. | 0.2 | $ 95.00 |
| 7/2/2024 | JMM | Email Trustee's office regarding MTD. | 0.1 | $ 47.50 |
| 7/2/2024 | JMM | Receive email from Trustee's office. Matter adjourned to 7/17. | 0.1 | $ 47.50 |
| 7/6/2024 | JMM | Phone call with client to discuss case strategy. | 0.3 | $ 142.50 |

| 7/7/2024 | JMM | Draft Motion to Reinstate the Automatic Stay | 2.7 | $ 1,282.50 |
|---|---|---|---|---|
| 7/8/2024 | JMM | File and Serve Motion to Reinstate Automatic Stay | 0.2 | $ 95.00 |
| 7/15/2024 | JMM | Review letter from Trustee and forward same to client. | 0.3 | $ 142.50 |
| 7/24/2024 | JMM | Review and analyze objection to Motion to Reinstate - US Asset | 0.8 | $ 380.00 |
| 7/31/2024 | JMM | Review and analyze objection to Motion to Reinstate - ATCF | 0.7 | $ 332.50 |
| 8/6/2024 | JMM | Prepare for hearing on MTD and Motion to Reinstate | 0.5 | $ 237.50 |
| 8/7/2024 | JMM | Attend hearing on MTD and Motion to Reinstate Stay - Outcome: Adjourned. | 2 | $ 950.00 |
| 8/7/2024 | | Court Solutions Fee | 0 | $ 50.00 |
| 8/7/2024 | JMM | Phone call with client to discuss hearing | 0.4 | $ 190.00 |
| 8/10/2024 | JMM | Phone call with client to discuss case strategy. | 0.3 | $ 142.50 |
| 8/17/2024 | JMM | Phone call with client to discuss case strategy. | 0.4 | $ 190.00 |
| 8/20/2024 | JMM | Prepare for hearing on MTD and Motion to Reinstate | 0.3 | $ 142.50 |
| 8/20/2024 | JMM | Phone call with client to discuss case strategy. | 0.4 | $ 190.00 |
| 8/20/2024 | JMM | Phone call with client to discuss case strategy. | 0.1 | $ 47.50 |
| 8/21/2024 | JMM | Attend hearing on MTD and Motion to Reinstate Stay - Outcome: Adjourned. | 3 | $ 1,425.00 |
| 8/21/2024 | | Court Solutions Fee | 0 | $ 50.00 |
| 8/21/2024 | JMM | Phone call with client to discuss case strategy. | 0.4 | $ 190.00 |
| 8/29/2024 | JMM | Phone call with client to discuss case strategy. | 0.4 | $ 190.00 |
| 9/3/2024 | JMM | Phone call with client to discuss case strategy. | 0.1 | $ 47.50 |
| 9/6/2024 | JMM | Phone call with client to discuss case strategy. | 0.1 | $ 47.50 |

| 9/6/2024 | JMM | Phone call with client to discuss case strategy. | 0.4 | $ 190.00 |
| --- | --- | --- | --- | --- |
| 9/9/2024 | JMM | Phone call with client to discuss case strategy. | 0.2 | $ 95.00 |
| 9/9/2024 | JMM | Phone call with client to discuss case strategy. | 0.1 | $ 47.50 |
| 9/10/2024 | JMM | Phone call with client to discuss case strategy. | 0.1 | $ 47.50 |
| 9/10/2024 | JMM | Phone call with client to discuss case strategy. | 0.3 | $ 142.50 |
| 9/10/2024 | JMM | Phone call with client to discuss case strategy. | 0.1 | $ 47.50 |
| 9/13/2024 | JMM | Withdraw Motion to Reinstate the Automatic Stay | 0.2 | $ 95.00 |
| **TOTAL** | | | **31.8** | **$15,305.00** |

**Balance due: $15,305.00**

Please make checks payable to McDonnell Crowley, LLC

Timekeepers Summary

| Name | Hours | Rate | Amount |
| --- | --- | --- | --- |
| John M. McDonnell, Esq. | 31.8 | $475 | $15,105 |
| Court Solutions Fees | 4 | $50 | $200 |

# EXHIBIT B

**LEGAL RETAINER AGREEMENT**
**CHAPTER 13 BANKRUPTCY**
**McDonnell Crowley, LLC**
**115 Maple Avenue**
**Red Bank, New Jersey 07701**
**(732) 383-7233**
**www.mcdonnellcrowley.com**

Karine G. Peterside
14 Mountain View Court
Millstone Township, NJ 08510

The undersigned client(s) (hereinafter "Client" or "You") agrees to retain the Firm of McDonnell Crowley, LLC (hereinafter "the Firm") as bankruptcy counsel for a Chapter 13 proceeding. This agreement is designed to memorialize the general nature and scope of the Firm's employment.

**1. The services to be rendered:**

a. Review documents provided by you to the Firm, calculate monthly disposable income and complete the various calculations essential for filing.

b. Prepare and file a petition for relief under Chapter 13 of the Bankruptcy Code, including, but not limited to, schedules, Statement of Financial Affairs, Statement of Intention, Plan of Reorganization and all required initial filing submissions.

c. Copy and provide to the Chapter 13 Trustee copies of: (a) paystubs for the past 60 days; (b) tax returns or transcripts for the past 2 years; (c) valuation for any real property and any mortgage payoff(s); and (d) any other documents reasonably requested by the Trustee in Your case.

d. Represent you at the initial § 341(a) Meeting of Creditors and plan confirmation hearings

e. Filing of Certificate of Credit Counseling (pre-petition) and Financial Management Certification (post-petition).

f. To give legal counsel throughout the pendency of the proceedings.

**Initial Retainer Deposit: The firm seeks compensation for its service on an hourly basis based on the rates set forth below; the client agrees to compensate the firm on such basis. As an initial retainer deposit toward the final bill, the client(s) agree to pay the amount of $2,500.00 due prior to commencement of the Bankruptcy Case, and $1,000.00 due through the confirmed Chapter 13 plan, and all of which are subject to increase through fee applications during the course of the case, to be**

1

**paid through the Chapter 13 plan. The client shall pay the amounts required prior to commencement of the Chapter 13 Case as follows:**

    a.    $2,500.00 upon execution hereof. This and all other payments will be credited toward any bankruptcy filed within six months of the first meeting with the firm.

    b.    $500.00 upon the request of the firm when the time value of the services provided exceeds the amount of the initial deposit, and each time the time value of the services provided by the firm exceeds the amount paid to date, until the fee is paid in full.

**ALL WORK ON THE MATTER WILL CEASE UNTIL ANY REQUESTED INSTALLMENT IS PAID**

    c.    Any unpaid funds are to be paid immediately prior to the filing of the petition with the Court, along with $313.00[1] representing the Court filing fee.

    d.    The Firm will not file the chapter 13 petition until all amounts due prior to filing are received, including the filing fee.

You represent to us that the source of this retainer in this matter is your own assets and earnings.

    4.    **Hourly Rates; Additional Compensation.** Specifically, this agreement contemplates hourly billing for the Chapter 13 case, whether it be contested of not. The fee arrangement shall be $175.00 per hour for law clerks, $150 for paralegals, $250.00 to $325.00 per hour for associate attorney time, $375.00 to $400.00 per hour for partner and "of counsel" time and $475.00 per hour for senior partner attorney time. In the event that the initial retainer, as set forth above, is exhausted, the client shall pay an additional fee (subject to Court approval, if required) equal to the hourly rate of the Firm as set forth herein. In other words, once the initial retainer is exhausted through hourly billing applying the above rates, the Firm specifically reserves the right to make application to the Court for an enhanced fee in excess of the retainer deposit originally provided due to the additional time expended by the Firm.

    5.    This retainer agreement contemplates representation of the Client in a Chapter 13 Bankruptcy Case only. This agreement does not require the Firm to represent the Client in the prosecution or defense of any Adversary Proceeding brought or to be brought before the Bankruptcy Court, or to represent the Client in any other lawsuit or matter brought or to be brought before any other Court or tribunal. In the event that the client desires representation in an adversary proceeding in Bankruptcy Court or in any other lawsuit or matter before any other court or tribunal, the Firm will require the Client to make a separate and additional retainer agreement.

---

[1] Or as revised by the courts.

2

6.  In the event the matter is converted to a chapter 7 the firm will charge an additional retainer fee of $750.00 for services in the chapter 7 and the hourly billing set forth able will apply. This fee will not be subject to court approval and must be paid within ten (10) days of conversion or representation in the chapter 7 will not be assumed.

7.  All disbursements, Court costs and allowances are to be paid in addition to the above counsel fees. Debtor(s) authorize counsel to apply to the Court for these additional fees unless debtor(s) pay them directly.

8.  **NO PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO THE UNDERSIGNED AS TO ANY RESULTS IN THE SUBJECT PROCEEDINGS.** I (we) understand that we may lose our property, real or personal, including our home, in these proceedings and accept this risk with full knowledge. Further I (we) have fully discussed all potential risks and effects of these proceedings, have disclosed all relevant facts to my attorneys, and have executed the attached information sheet after fully reviewing the same.

9.  **Failure to File.** *If no petition is filed within 180 days of the first consultation, any payments received towards the retainer will not serve as a credit toward the final fee and the undersigned agree to pay for all services rendered up to the date the debtor(s) advises the Firm of the intention not to proceed, at the hourly rates set forth herein, and the Firm shall have no further obligations to the debtor(s).*

10. **Withdrawal by Law Firm.** If you fail to cooperate with the Firm, the Court or the Trustee or fail to honor any term hereof, including the prompt payment of any fee or expense provided for herein, the Firm reserves the right to withdraw as your attorney and may file a proof of claim and/or petition the court, for any unpaid fees or expenses. Client agrees that failure to make payment to the Firm shall constitute a material breach of our retention agreement and the Firm shall have the right to withdraw from its representation and, if necessary, make application to the Court to be formally relieved as counsel, In such event, client agrees to cooperate with the Firm's efforts to be relieved as counsel by obtaining replacement counsel at the earliest possible opportunity. In the event it becomes necessary to pursue collection efforts to recover amounts owed to the Firm, the client will be responsible to reimburse the Firm for all reasonable attorneys' fees and expenses in doing so.

11. **Judgment Liens.** Judgment liens that have been entered will not be automatically removed from the New Jersey State Court records even if a discharge in bankruptcy terminates your legal responsibility to pay the underlying debt. As such the New Jersey Statutes (N.J.S.A. 2A:16- 49.1) may permit you to file a motion in the state court, after the bankruptcy discharge, to clear those judgment liens of record. This retainer does not require the firm to make such a motion in the state court unless specifically provided for in the retainer agreement to the contrary.

12. **Billing.** Regular bills will be sent for all additional legal services as provided

3

above, which must be paid in full upon receipt. The Firm may require that costs and expenses be paid in advance.

13. **Tax Consequences.** You are aware that the filing of a Voluntary Petition for Bankruptcy under Title 11 of the United States Bankruptcy Code may have certain tax consequences which require analysis by a tax professional. You further understand that this Firm will not render any tax advice and you are urged to consult with your tax professional.

14. **Crimes related to transfer of asset.** The client acknowledges that the Firm is not engaged in the practice of criminal law and does not represent the client with regard to any criminal statute, procedure or otherwise. The client further acknowledges that it has been advised that the knowing and intentional transfer or concealment of assets for the purpose of placing the assets beyond control of a bankruptcy trustee or other fiduciary may subject the client to criminal liability pursuant to the MONEY LAUNDERING CONTROL ACT (18 U.S.C. §1956, 1957); THE COMPREHENSIVE THRIFT AND BANK FRAUD PROSECUTION AND TAX PAYER RECOVERY ACT of 1990 (Omnibus Crime Bill 1990); THE UNITED STATES CODE related to bankruptcy crimes (18 U.S.C. §152) and/or the INTERNAL REVENUE CODE (§7206 and/or 7212 et seq.) and specifically, that the client has been advised to disclose all transfers of whatever nature and in detail and with particularity that have occurred within the three years preceding the execution of this agreement and to discuss any subsequent transfers in advance or out of the ordinary course of the client's business in advance of such transfer.

15. **Conflicts of Interest.** No attorney, including this Firm, can represent entities that have conflicting interests. The undersigned clients may have now or may develop conflicts of interest wherein one action may be to the benefit of one client, but potentially to the detriment of the other. In the event any conflicts of interest now exits or potentially could arise, you acknowledge that we have discussed the same, and that after due consideration, disclosure and discussion, you as the client(s) consciously and affirmatively agree to waive the conflict of interest now existing or hereafter arising. You may revoke this waiver of conflict of interest or potential conflict of interest only in writing and the same shall be effective only upon receipt of the revocation and only after an appropriate time to adequately react to same.

You are aware that when we are representing a husband and wife potential for conflict of interest is significant and you are aware of the consequences of this waiver of conflict.

16. **Exclusion regarding actions of prior counsel.** Client acknowledges that the Firm assumes no responsibility for any actions taken by any attorney, Firm, representative, agent or party of any nature whatsoever in connection with the matter for which the Firm is retained, or any matter which the Firm handles on behalf of the client, as a result of any acts or omissions taken by any party other than the Firm itself, including prior counsel.

4

17. **Document Retention and Destruction.** It is not the policy of this Firm to retain any original documents. Clients are solely responsible for the integrity and location of all original documents. This Firm will make copies of any documents which it needs, at the clients expense in accordance herewith, and all originals will be returned to the client as expeditiously as possible. It will be the client's responsibility to marshal and produce whatever original documents are necessary at the time the same become legally required in the opinion of the Firm.

Client acknowledges that the Firm cannot maintain its file(s) perpetually. As a result, it is agreed, that the Firm may destroy any and all files, documents, records, computer contents or other information in its possession after the passage of *three years* from receipt of such documentation. It is agreed, however, that it is not the obligation of the Firm to destroy, dispose of or remove any document or documents, but merely the option of the Firm to do so if, in its sole discretion, the Firm does not wish to store same. In cases where a significant volume of documents or copies of documents must be stored, client authorizes the Firm to retain such storage services as are necessary, appropriate and reasonable, and to compensate the Firm for the cost of said services as part of the normal billing process. Client further acknowledges that the Firm is not responsible for the destruction or confidentiality in destruction of any documentation and that said documentation will be destroyed in any manner the Firm deems appropriate and reasonable. Further, such destruction and/or removal may occur without prior notice to the client.

18. **Default.** If the client fails to make any payment within thirty (30) days of billing or Court order as the case may be, or if the client fails to comply with any of the requirements contained herein, and specifically fails to cooperate in the prosecution or defense of the matter for which this retention is hand, the Firm may discontinue further representation without further notice to the client subject only tot he issue of a Court Order where necessary. Any default of the terms hereunder by the principal obligor shall be a default from the guarantor.

19. **Attorneys' Fees.** Should the within matter be referred to collection and/or result in litigation for the collection of fees the client shall, in addition to the 12% per annum interest assessed monthly at the rate of 1%, the Firm shall be entitled to reasonable attorneys' fees, costs and entitled disbursements, as defined herein above in paragraph #2. Further, the parties specifically agree herein that such attorneys' fees, costs and disbursements constitute a valid cause of action in any judicial or non-judicial resolution including fee arbitration, of the claims created in favor of the Firm hereby.

20. **§342 Notice.** In addition to separate notices explaining, *inter alia,* the differences of various chapters of the code, be advised that any person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury in connection with a case under this title shall be subject to fine, imprisonment, or both and all information supplied in connection with a case under this title is subject to examination by the Attorney General.

By: _____
Karine G. Peterside

Accepted by    McDONNELL CROWLEY, LLC

By _____
John (Jack) Michael McDonnell, Esquire

6